IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CINDY K. COLLINS, | : |
| Plaintiff, | : |
| VS. | : |
| | : 5 : 08-CV-368 (CAR) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The Plaintiff filed this Social Security appeal on October 30, 2008, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the

Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed an application for disability insurance benefits on October 25, 2002. (T - 138-140). Her claim was denied initially and upon reconsideration. (T - 44-52). Following a decision denying Plaintiff's claim by an ALJ in March 2004, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision and remanded Plaintiff's claim for further proceedings. (T - 58-60). In a decision dated February 16, 2006, the ALJ again determined that the plaintiff was not disabled. (T - 64-74). The Appeals Council again vacated the ALJ's decision and remanded for further proceedings. (T - 82-84). A third hearing was held before a new ALJ on

2

November 1, 2007. The ALJ denied Plaintiff's claim in a decision dated February 5, 2008. (T- 12-29). The Appeals Council denied Plaintiff's request for review, making the February 5, 2008, decision the final decision of the Commissioner. (T- 4-7). The Plaintiff's disability insured status expired on June 30, 2006. (T - 15).

*Statement of Facts and Evidence*

The plaintiff was 45 years of age at the time of the most recent hearing on her claim. (T - 860-61). She has a high school education and has completed three years of college. *Id.* She has past relevant work experience as a computer programmer and retail sales clerk. *Id.* As determined by the ALJ, Plaintiff suffers from severe impairments in the form of chronic headaches, a mood disorder, and lumbar-cervical disc disease. (T - 15). Plaintiff asserts that she became unable to work as of June 28, 2002 due to a combination of psychiatric and physical medical conditions. In his February 5, 2008 decision the ALJ found that the Plaintiff had the residual functional capacity to perform a limited range of work at the light exertional level but could not return to her past relevant work, due to issues regarding her ability to sustain work skills. After receiving vocational expert testimony, the ALJ determined that there were jobs that existed in significant numbers in the national economy which the plaintiff could perform, and she was thus not disabled.

## DISCUSSION

*Treating physician's opinions*

The Plaintiff argues that the ALJ improperly discounted the opinions of her treating physician Dr. Ali Ahmadi as to the impact of her psychiatric condition upon her ability to perform work activity. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by

3

a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

The Plaintiff notes that Dr. Ahmadi treated the Plaintiff for her psychiatric condition between 2001 and 2007. Plaintiff points to two statements from Dr. Ahmadi detailing Plaintiff's psychiatric conditions, and argues that the ALJ failed to accurately assess these statements. In 2004, Dr. Ahmadi issued a statement outlining Plaintiff's diagnoses of "Schizoaffective disorder, Gastro Esophageal Reflux disease, Hypertension and Arthritis". (T - 620). Dr. Ahmadi further stated that the Plaintiff had suffered "several decompensations for the past several years" and suffered "marked restriction of activities of daily living and marked difficulties in maintaining concentration and social functioning." *Id.*

In an assessment issued in May 2005, Dr. Ahmadi stated that Plaintiff had slight limitations in the ability to understand, remember and carry out short, simple instructions, make judgments on simple work-related decisions, and interact appropriately with co-workers. Dr. Ahmadi assigned moderate limitations to Plaintiff's ability to interact appropriately with supervisors and respond appropriately to work pressures in a usual or routine work setting. Dr. Ahmadi assigned marked limitations to Plaintiff's ability to understand, remember and carry out detailed instructions and interact appropriately with the public. (T - 669-70). Dr. Ahmadi noted that "periods of crisis and

4

exacerbation of illness would change the responses to marked or extreme. Periods of crisis and instability is a rule rather than [sic] exception." (T - 670).

In regard to the opinions of treating psychiatrist Dr. Ahmadi, the ALJ found that

> the opinions reported by Dr. Ahmadi in that report [dated May 27, 2005] are not persuasive. I find that they continue to be somewhat inconsistent with his session and office notes which clearly show that the claimant's condition was improved, appropriate, and stable during the relevant time period. While he did caution care that her symptoms would change in response to marked or extreme periods of crisis and instability, that assessment did not preclude that the claimant could generally function well in her abilities to understand, remember and carry out short, simple instructions and make judgments on simple work-related decisions; that her ability to interact appropriately with the public was limited but not precluded; that her abilities to interact with supervisors was limited, but she was still able to function satisfactorily and she could generally function well in interacting with co-workers; and, there was moderate limitation in her abilities to respond to work pressures or changes in routine work settings, but she was still able to function satisfactorily.

(T - 26).

The Plaintiff argues that Dr. Ahmadi's treating opinion must be given substantial or considerable weight unless good cause is shown to the contrary, and that the ALJ misstated Dr. Ahmadi's conclusion regarding the chronic nature of the Plaintiff's psychiatric condition. The Plaintiff maintains that rather than a condition that would be exacerbated by crisis or stress, as depicted by the ALJ, Dr. Ahmadi emphasized that the Plaintiff would suffer crisis and instability on a regular basis as a normal part of her condition. The Plaintiff further maintains that the frequency with which Dr. Ahmadi treated the Plaintiff should have been considered by the ALJ and that this frequency of treatment supported Dr. Ahmadi's overall conclusions regarding Plaintiff's ability to engage in substantial gainful activity.

A review of the opinions issued by Dr. Ahmadi, his treatment notes and the ALJ's decision

herein reveals that the ALJ's decision to discount Dr. Ahmadi's opinion to the extent that it dictated a finding of disability is supported by substantial evidence. The ALJ properly considered Dr. Ahmadi's statements and assessments, as evidenced by the ALJ's decision, although the ALJ adopted only certain limitations issued by Dr. Ahmadi in assessing the Plaintiff's residual functional capacity. The ALJ specifically noted Dr. Ahmadi's conclusions regarding crisis and instability, but noted that Dr. Ahmadi's findings did not preclude all aspects of Plaintiff's ability to perform work activity. (T - 26). Additionally, the ALJ's decision evidences his consideration of the frequency and extent of Plaintiff's treatment from Dr. Ahmadi, as the ALJ discussed and detailed multiple treatment sessions for the Plaintiff with Dr. Ahmadi during 2004 and 2005 . (T - 15-20).

As the Commissioner points out, Dr. Ahmadi's treatment notes do not support his conclusions regarding Plaintiff suffering from a schizoaffective disorder or the severe limitations Dr. Ahmadi issued regarding Plaintiff's level of functioning. Dr. Ahmadi's treatment notes reflect treatment and therapy for Plaintiff's depression and show that Plaintiff was normally oriented as to time, place, person and situation. (T - 455-535). Therapy sessions often involved Plaintiff and her husband, who apparently received marriage therapy as a couple from Dr. Ahmadi. *Id.* Although the treatment notes reflect a diagnosis of schizoaffective disorder for the Plaintiff, no testing or other findings appear in support of this diagnosis. (T - 511). Treatment notes repeatedly note that Plaintiff's depression had improved or is "in remission". (T - 490, 496, 505, 507-509, 511, 512). Periods of financial and social strain are reported to have eased over time, resulting in less instability exhibited in the Plaintiff's mental condition. (T - 458, 467, 739, 741). Certain medications were reported to have improved Plaintiff's mood and ability to concentrate. (T -710, 712, 728, 736, 738). Thus, Dr. Ahmadi's assessment of marked restrictions and deterioration due to crisis and instability are not supported by his treatment notes and the ALJ properly assigned less weight to Dr. Ahmadi's

6

conclusions regarding limitations and disability.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, Chief United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 30th day of August, 2010.

                                                  **S/ *THOMAS Q. LANGSTAFF***

                                                  **UNITED STATES MAGISTRATE JUDGE**

asb